██ JOHN GALLIANO, S.A., Respondent, v STALLION, INC., Appellant. [879 NYS2d 400]—

Order and judgment (one paper), Supreme Court, New York County (Marylin G. Diamond, J.), entered April 29, 2008, awarding plaintiff, on its motion for summary judgment in lieu of complaint, the aggregate sum of $601,284.52, including interest at 5% prior to October 7, 2004, and 9% thereafter, and order, same court and Justice, entered September 26, 2008, which denied defendant's motion to renew, unanimously modified, on the law and the facts, renewal granted, the rate of interest after October 7, 2004 decreased to 5%, and otherwise affirmed, without costs.

The motion court should have granted renewal to consider the affidavit of Fran Cannara because the allegation that Cannara had accepted service of process voluntarily and told the process server she was authorized to accept service was only first raised in plaintiff's reply papers on its summary judgment motion (*see e.g. Welch v Scheinfeld*, 21 AD3d 802, 808 [2005]), and the court's rules did not permit defendant to submit a surreply.

Renewal should also have been granted in the interest of justice (*see generally Rancho Santa Fe Assn. v Dolan-King*, 36 AD3d 460 [2007]) to consider the documents that defendant obtained from the Department of Justice via a freedom of information request. In its opposition to plaintiff's summary judgment motion, defendant submitted printouts from the Web site of the Hague Conference on Private International Law. While the court's rejection of the printouts was not sua sponte, defendant may very well have been surprised by such rejection, as other courts have relied on the Hague Web site (*see e.g. Casa de Cambio Delgado v Casa de Cambio Puebla, S.A. de C.V.*, 196 Misc 2d 1, 6 [2003]; *Saysavanh v Saysavanh*, 145 P3d 1166, 1170 [Utah 2006]).

Even after considering the materials defendant submitted on renewal, we conclude that summary judgment was properly granted to plaintiff. It is true that CPLR 5304 (a) (2) declares a foreign country judgment to be not conclusive if the foreign court never had personal jurisdiction over the defendant. However, CPLR 5305 (a) (3) states that a foreign country judgment should not be refused recognition for lack of personal jurisdiction if "the defendant prior to the commencement of the proceedings had agreed to submit to the jurisdiction of the foreign court with respect to the subject matter involved." Prior to commencement of the French proceedings, defendant entered into a contract in which it agreed that all disputes would be submitted to a French court, effectively establishing personal jurisdiction under CPLR 5305 (a) (3) (*Dynamic Cassette Intl. Ltd. v Mike Lopez & Assoc., Inc.*, 923 F Supp 8, 11 [ED NY 1996]).

Defendant received notice of the French action; its service by personal delivery is unlikely to give rise to any objections based on due process (*see Burda Media, Inc. v Viertel*, 417 F3d 292, 303 [2d Cir 2005]).

Contrary to defendant's claim, New York's public policy favoring resolution of disputes on the merits does not preclude enforcement of a foreign default judgment (*see Westland Garden State Plaza, L.P. v Ezat, Inc.*, 25 AD3d 516 [2006]).

Normally, plaintiff would be entitled to interest at the New York rate of 9% from October 7, 2004, the date of the French judgment (*see e.g. Wells Fargo & Co. v Davis*, 105 NY 670 [1887]). However, in its papers, plaintiff requested interest at only 5% (the French rate) from the date of the French judgment until the date of the New York award. Therefore, it waived its right to a higher interest rate for the period prior to that award (*see Goldbard v Empire State Mut. Ins. Co.*, 156 NYS2d 324, 329

[1956], *mod on other grounds* 164 NYS2d 294 [App Term 1957], *mod* 5 AD2d 230 [1958]). Concur—Tom, J.P., Andrias, Saxe, Moskowitz and DeGrasse, JJ. [*See* 19 Misc 3d 1108(A), 2008 NY Slip Op 50605(U).]