[930 NE2d 756, 904 NYS2d 683]

JOHN GALLIANO, S.A., Respondent, v STALLION, INC., Appellant.

Argued April 27, 2010; decided June 8, 2010

**POINTS OF COUNSEL**

*Silverman Sclar Shin & Byrne PLLC*, New York City (*Alan M. Sclar* and *Mikhail Ratner* of counsel), for appellant. I. John Galliano, S.A.'s failure to effect proper service under the Hague Convention deprived the French court of personal jurisdiction over Stallion, Inc. (*Kolovrat v Oregon*, 366 US 187; *Sumitomo Shoji America, Inc. v Avagliano*, 457 US 176; *El Al Israel Airlines, Ltd. v Tsui Yuan Tseng*, 525 US 155; *Volkswagenwerk Aktiengesellschaft v Schlunk*, 486 US 694; *Reynolds v Woosup Koh*, 109 AD2d 97; *Derso v Volkswagen of Am.*, 159 AD2d 937.) II. John Galliano S.A.'s failure to effect service of process sufficient to accord Stallion, Inc. reasonable notice and opportunity to be heard deprived the French court of personal jurisdiction, even where Stallion had agreed that the French court would have jurisdiction over disputes among the parties. (*Tulsa Professional Collection Services, Inc. v Pope*, 485 US 478; *Mullane v Central Hanover Bank & Trust Co.*, 339 US 306; *Volkswagenwerk Aktiengesellschaft v Schlunk*, 486 US 694; *National Equipment Rental, Ltd. v Szukhent*, 375 US 311; *Fashion Page v Zurich Ins. Co.*, 50 NY2d 265; *Sung Hwan Co., Ltd. v Rite Aid Corp.*, 7 NY3d 78; *Employers Ins. of Wausau v Banco De Seguros Del Estado*, 199 F3d 937; *Phillips Petroleum Co. v Shutts*, 472 US 797; *Securities & Exch. Commn. v Ross*, 504 F3d 1130;

*Burger King Corp. v Rudzewicz*, 471 US 462.) III. John Galliano, S.A.'s failure to serve authorized representatives of Stallion, Inc. denied Stallion notice of the French proceeding. (*Fashion Page v Zurich Ins. Co.*, 50 NY2d 265; *Carlin v Crum & Forster Ins. Co.*, 170 AD2d 251; *Todaro v Wales Chem. Co.*, 173 AD2d 696; *American Fed. Group v Union Chelsea Natl. Bank*, 279 AD2d 433; *Hoffman v Petrizzi*, 144 AD2d 437; *Martinez v Church of St. Gregory*, 261 AD2d 179; *Albilia v Hillcrest Gen. Hosp.*, 124 AD2d 499.) IV. Material issues of fact required the denial of summary judgment. (*St. Vincent's Hosp. & Med. Ctr. v Nationwide Mut. Ins. Co.*, 42 AD3d 523; *Matter of TIG Ins. Co. v Pellegrini*, 258 AD2d 658; *Ritt v Lenox Hill Hosp.*, 182 AD2d 560; *989 Sixth Ave. Assoc. v Stolow*, 176 AD2d 556; *B.R.I. Coverage Corp. v Imperial*, 182 AD2d 529; *R-H-D Constr. Corp. v Miller*, 222 AD2d 802.) V. New York's well-established public policy favoring resolution of disputes on the merits precludes enforcement of the French default judgment. (*Ackerson v Stragmaglia*, 176 AD2d 602; *Cooney v Cambridge Mgt. & Realty Corp.*, 35 AD3d 522; *Picinic v Seatrain Lines*, 117 AD2d 504.) VI. A traverse hearing was warranted to afford Stallion, Inc. an opportunity to challenge the jurisdictional basis for the French default judgment. (*Plugmay Ltd. v National Dynamics Corp.*, 53 Misc 2d 451, 28 AD2d 645; *Falcon Mfg. [Scarborough] Ltd. v Ames*, 53 Misc 2d 332; *Cooney v Cambridge Mgt. & Realty Corp.*, 35 AD3d 522; *Ackerson v Stragmaglia*, 176 AD2d 602; *Martens v Martens*, 284 NY 363.)

*Ellenoff Grossman & Schole, LLP*, New York City (*Ted Poretz* and *Gabriel Mendelberg* of counsel), for respondent. I. Stallion, Inc.'s claims under CPLR 5304 (a) (2) were precluded by CPLR 5305 (a) (3). (*CIBC Mellon Trust Co. v Mora Hotel Corp.*, 100 NY2d 215; *Sung Hwan Co., Ltd. v Rite Aid Corp.*, 7 NY3d 78; *Canadian Imperial Bank of Commerce v Saxony Carpet Co., Inc.*, 899 F Supp 1248; *Matter of Alonzo M. v New York City Dept. of Probation*, 72 NY2d 662; *State of New York v Patricia II.*, 6 NY3d 160; *Riley v County of Broome*, 95 NY2d 455; *Omni Capital Int'l, Ltd. v Rudolf Wolff & Co.*, 484 US 97; *Murphy Brothers, Inc. v Michetti Pipe Stringing, Inc.*, 526 US 344.) II. There is no other statutory bar to enforcement. (*CIBC Mellon Trust Co. v Mora Hotel Corp.*, 100 NY2d 215; *Mullane v Central Hanover Bank & Trust Co.*, 339 US 306.) III. Stallion, Inc. received adequate notice of the French proceedings. (*Sung Hwan Co., Ltd. v Rite Aid Corp.*, 7 NY3d 78; *CIBC Mellon Trust Co. v Mora Hotel Corp.*, 100 NY2d 215; *Burda Media, Inc. v Viertel*, 417 F3d 292; *In re South African Apartheid Litig.*, 643 F

Supp 2d 423; *Vazquez v Sund Emba AB*, 152 AD2d 389; *Casa de Cambio Delgado v Casa de Cambio Puebla, S.A. de C.V.*, 196 Misc 2d 1; *Soberal-Perez v Heckler*, 717 F2d 36; *Tahan v Hodgson*, 662 F2d 862.) IV. John Galliano, S.A. strictly complied with applicable service rules. (*Volkswagenwerk Aktiengesellschaft v Schlunk*, 486 US 694; *Morgenthau v Avion Resources Ltd.*, 11 NY3d 383; *Ackermann v Levine*, 788 F2d 830; *Aspinall's Club v Aryeh*, 86 AD2d 428; *Northrup King Co. v Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F3d 1383; *Vazquez v Sund Emba AB*, 152 AD2d 389; *Christensen v Harris County*, 529 US 576; *Mora v New York*, 524 F3d 183; *Casa de Cambio Delgado v Casa de Cambio Puebla, S.A. de C.V.*, 196 Misc 2d 1; *Greenfield v Suzuki Motor Co., Ltd.*, 776 F Supp 698.) V. Summary judgment was proper as no material issues of fact were in dispute. (*Misicki v Caradonna*, 12 NY3d 511; *Sung Hwan Co., Ltd. v Rite Aid Corp.*, 7 NY3d 78.) VI. The French judgment does not violate New York public policy. (*Sung Hwan Co., Ltd. v Rite Aid Corp.*, 7 NY3d 78; *Ackermann v Levine*, 788 F2d 830; *Porisini v Petricca*, 90 AD2d 949; *Aspinall's Club v Aryeh*, 86 AD2d 428; *Sarl Louis Feraud Intl. v Viewfinder, Inc.*, 489 F3d 474; *CIBC Mellon Trust Co. v Mora Hotel Corp.*, 100 NY2d 215.) VII. The trial court correctly calculated post-French judgment interest in the New York judgment. (*Wells Fargo & Co. v Davis*, 105 NY 670; *Buckeye Retirement Co., L.L.C., Ltd. v Lee*, 41 AD3d 183.)

### OPINION OF THE COURT

Chief Judge LIPPMAN.

A court in Paris, France entered a money judgment in favor of John Galliano, S.A. (Galliano) against Stallion, Inc. (Stallion), and Galliano seeks to have that judgment recognized in New York. The Appellate Division, applying New York's Uniform Foreign Country Money-Judgments Recognition Act, codified at CPLR article 53, concluded that the French judgment should be recognized in New York (62 AD3d 415 [1st Dept 2009]). We granted leave to appeal and now affirm.

The underlying dispute is a contractual one. In 1998, Stallion entered into a licensing agreement with Les Jardins D'Avron, a French company, concerning the use of the "John Galliano" trademark for the production and distribution of luxury fur items in the United States, and Galliano was later substituted for Les Jardins D'Avron as a party to the agreement. The agreement provides that it is governed by the laws of France, and the agreement's forum selection clause, entitled

"Competent jurisdiction," further provides that "[a]ny dispute which may arise in connection with this Agreement . . . shall be submitted to the competent court for the district over which the Paris Court of Appeals has jurisdiction."

Disputes between Galliano and Stallion arose with respect to royalty payments Galliano alleged that Stallion owed it under the licensing agreement and expenses Galliano believed it was owed in connection with a fashion show. For its part, Stallion believed it was owed money for various goods it had delivered to Les Jardins D'Avron.

The parties were unable to resolve these ongoing disagreements, prompting Galliano in 2002 to sue Stallion in the Commercial Court in Paris. Three attempts to serve Stallion with the French equivalent of a summons and complaint were made under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Hague Convention) (see *Volkswagenwerk Aktiengesellschaft v Schlunk*, 486 US 694 [1988]). In each instance the documents were delivered to Stallion and a certificate of service completed. Stallion, however, did not appear in the French proceeding, and judgment amounting to "the exchange value in euro as of the date of payment of the amount of USD 178,810," plus specified interest, was entered in Galliano's favor in October 2004. Galliano commenced this proceeding three years later to enforce the judgment in New York.

Stallion argues that New York should not recognize the judgment of the French court against it because that court lacked personal jurisdiction over Stallion. Stallion asserts that the purported service under the Hague Convention was ineffective because the documents delivered to it were written in French and were not accompanied by an English translation. Absent proper service, the argument continues, Stallion cannot be said to have received effective notice of the proceeding in Paris, and a defendant's lack of notice of the foreign proceeding that resulted in a money judgment against it must result in nonrecognition of that judgment in New York under CPLR article 53 (see CPLR 5304 [a] [2]; [b] [2]).*

"New York has traditionally been a generous forum in which to enforce judgments for money damages rendered by foreign

---

* Below, Stallion also relied on CPLR 2101 (b), an argument rejected by Supreme Court (19 Misc 3d 1108[A], 2008 NY Slip Op 50605[U], *3 [2008]) that Stallion has since abandoned.

courts," and, in accordance with that tradition, the State adopted the Uniform Foreign Country Money-Judgments Recognition Act as CPLR article 53 (*CIBC Mellon Trust Co. v Mora Hotel Corp.*, 100 NY2d 215, 221 [2003]). Article 53 "applies to any foreign country judgment which is final, conclusive and enforceable where rendered even though an appeal therefrom is pending or it is subject to appeal" (CPLR 5302), and "a foreign country judgment is considered 'conclusive between the parties to the extent that it grants or denies recovery of a sum of money' " (*CIBC Mellon Trust Co.*, 100 NY2d at 221, quoting CPLR 5303).

Generally, a foreign money judgment is to be recognized in New York under article 53 unless a ground for nonrecognition under CPLR 5304 is applicable. Grounds for nonrecognition include a lack of personal jurisdiction over the defendant by the foreign court (*see* CPLR 5304 [a] [2]) and a defendant's failure to receive "notice of the proceedings in sufficient time to enable him to defend" (CPLR 5304 [b] [2]).

CPLR 5304's grounds for nonrecognition of foreign money judgments must be read together with CPLR 5305, however, which provides that a "foreign country judgment shall not be refused recognition for lack of personal jurisdiction if . . . the defendant prior to the commencement of the proceedings had agreed to submit to the jurisdiction of the foreign court with respect to the subject matter involved" (CPLR 5305 [a] [3]). Plainly, as the Appellate Division rightly concluded (*see* 62 AD3d at 416), Stallion did just that when it entered into the licensing agreement given that agreement's forum selection clause.

Stallion urges, however, that the Appellate Division's reading of CPLR 5305 effectively negates the notice component of a court's proper exercise of personal jurisdiction over a defendant, and Stallion asserts that it did not receive adequate notice of the proceedings in Paris because the documents purportedly served on it pursuant to the Hague Convention were written in French, unaccompanied by an English translation.

Notice of a proceeding is, of course, a fundamental component of a court's proper exercise of personal jurisdiction over a party, and CPLR 5304 itself expressly recognizes a lack of notice as a ground for not recognizing a foreign money judgment in New York (*see* CPLR 5304 [b] [2]). We agree with Stallion that if recognition of a foreign money judgment were

sought in New York and the defendant had received no meaningful notice of the foreign proceeding, that lack of notice would serve as a legitimate basis for not enforcing the judgment in our state, as the entry of such a judgment would not comport with our conception of personal jurisdiction or our notion of fairness. This, however, is not that case. The Appellate Division concluded that Stallion "received notice of the French action [and] its service by personal delivery is unlikely to give rise to any objections based on due process" (62 AD3d at 416). We agree.

We first note that, in seeking enforcement of a foreign money judgment in New York, "the judgment creditor does not seek any new relief against the judgment debtor, but instead merely asks the court to perform its ministerial function of recognizing the foreign country money judgment and converting it into a New York judgment" (*CIBC Mellon Trust Co.*, 100 NY2d at 222). "[T]he inquiry turns on whether exercise of jurisdiction by the foreign court comports with New York's concept of personal jurisdiction, and if so, whether that foreign jurisdiction shares our notions of procedure and due process of law" (*Sung Hwan Co., Ltd. v Rite Aid Corp.*, 7 NY3d 78, 83 [2006]). "If the above criteria are met, and enforcement of the foreign judgment is not otherwise repugnant to our notion of fairness, the foreign judgment should be enforced in New York under well-settled comity principles without microscopic analysis of the underlying proceeding" (*id.*).

Those criteria are met here, and, on this record, the enforcement of the French judgment is not repugnant to our notion of fairness. Stallion was well aware of its ongoing disputes with Galliano, and it was also aware that, under the licensing agreement, those disputes, if litigated, would be adjudicated in accordance with French law by a court in France. Stallion was delivered court papers written in French, first by a U.S. marshal, then subsequently on two occasions by process servers from Process Forwarding International (the entity selected by the Department of Justice to carry out service in the United States under the Hague Convention), all in an effort to notify it of the commencement of the French proceeding.

Stallion disputes that these service efforts complied with the Hague Convention because the papers written in French were not accompanied by an English translation. However, as long as we do not find the procedure used to be fundamentally unfair, the propriety of the service under the Hague Convention was an

issue for the court in France. Our inquiry now under CPLR article 53 is more circumscribed; we need only determine at this stage whether the recognition requirements of article 53 have been met.

Significantly for our purposes in applying article 53 in this case, before it could properly issue a judgment against Stallion in Stallion's absence, article 15 of the Hague Convention required the Paris Commercial Court to consider whether service on Stallion was properly made or whether "the document was actually delivered to the defendant or to his residence by another method provided for by" the treaty (for example, service "voluntarily" accepted as contemplated by the second paragraph of article 5) (Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 UST 361, TIAS No. 6638 [1969]). Moreover, in whatever form service takes, article 15 further requires that it be "established"—again, before judgment may be entered in a foreign defendant's absence—that the service abroad was made "in sufficient time to enable the defendant to defend" itself in the proceeding (id. [notably, language that is identical to that used by our Legislature in CPLR 5304 (b) (2)]). Given that the Paris Commercial Court entered a judgment in Galliano's favor in Stallion's absence, it would seem clear that it was "established" to that court's satisfaction that article 15's requirements were met.

On this record, we are satisfied that Stallion had notice of the proceeding in France "in sufficient time to enable [it] to defend" itself in that action (CPLR 5304 [b] [2]), and the Paris Commercial Court's exercise of personal jurisdiction over Stallion under these circumstances was not unfair. Moreover, as noted, in the licensing agreement Stallion agreed to submit any contractual disputes to the jurisdiction of the French courts prior to the commencement of the proceeding in Paris and, pursuant to CPLR 5305 (a) (3), the French judgment should not be refused recognition.

On this record, because the French court's money judgment in favor of Galliano does not run afoul of our conception of personal jurisdiction or our notion of fairness, well settled CPLR article 53 law compels the recognition and enforcement of the French judgment in New York.

The Appellate Division order, insofar as appealed from, should be affirmed, with costs.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order, insofar as appealed from, affirmed, with costs.