12-822-cv
SerVaas Inc. v. Republic of Iraq

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of September, two thousand thirteen.

PRESENT:   REENA RAGGI,
           GERARD E. LYNCH,
           RAYMOND J. LOHIER, JR.,
                   *Circuit Judges*.
----------------------------------------------------------------------------------
SERVAAS INCORPORATED,
                   *Plaintiff-Appellee*,


           v.                                          No. 12-822-cv

REPUBLIC OF IRAQ, MINISTRY OF INDUSTRY OF
THE REPUBLIC OF IRAQ,
                   *Defendants-Appellant*s.
----------------------------------------------------------------------------------


APPEARING FOR APPELLANTS:        TENNANT D. MAGEE, SR. (Timothy B. Mills, Maggs & McDermott LLC, Washington, D.C.; Stephen Albright, Esq., Mineola, New York, *on the brief*), Maggs & McDermott LLC, Brielle, New Jersey.

APPEARING FOR APPELLEE:          JOHN PISKORA, Loeb & Loeb LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 14, 2012, is AFFIRMED.

Defendants Republic of Iraq ("Iraq") and the Ministry of Industry of the Republic of Iraq ("Ministry") appeal from the district court's award of summary judgment to plaintiff SerVaas Incorporated ("SerVaas") on its claim for recognition of an April 6, 1991 judgment of the Paris Commercial Court in the amount of $14,152,800 ("French Judgment") against both the Ministry and Iraq under New York's Uniform Foreign Money-Judgments Recognition Act, N.Y. C.P.L.R. § 5301 et seq. ("Recognition Act" or "Article 53"). Defendants contend that the district court erred in (1) recognizing the French Judgment against Iraq and (2) denying as untimely their requests to submit certain motions. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Recognition Act

"New York has traditionally been a generous forum in which to enforce judgments for money damages rendered by foreign courts, and, in accordance with that tradition, the State adopted the [Recognition Act]." Chevron Corp. v. Naranjo, 667 F.3d 232, 239 (2d Cir. 2012) (internal quotation marks omitted). The Recognition Act states that any foreign country judgment that is "final, conclusive and enforceable where rendered," N.Y. C.P.L.R.

§ 5302, is "enforceable by an action on the judgment" in New York, id. § 5303. "[A] foreign country judgment is considered 'conclusive between the parties to the extent that it grants or denies recovery of a sum of money.'" Galliano, S.A. v. Stallion, Inc., 15 N.Y.3d 75, 80, 904 N.Y.S.2d 683, 685 (2010) (quoting N.Y. C.P.L.R. § 5303). Such a judgment is not conclusive, however, if either of two mandatory criteria for nonrecognition are met: (1) "the judgment was rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law," or (2) "the foreign court did not have personal jurisdiction over the defendant." N.Y. C.P.L.R. § 5304(a).[1] "Generally, a foreign money judgment is to be recognized in New York under article 53 unless a ground for nonrecognition . . . is applicable." Galliano, S.A. v. Stallion, Inc., 15 N.Y.3d at 80, 904 N.Y.S. 2d at 685. On de novo review, see Global Network Commc'ns, Inc. v. City of New York, 562 F.3d 145, 150 (2d Cir. 2009), we conclude that the district court properly awarded summary judgment on SerVaas's claim for recognition of the French Judgment against Iraq.

Defendants admit that the French Judgment is final, conclusive, and enforceable in France against the Ministry, and they do not challenge the district court's recognition of that judgment against the Ministry under Article 53. Rather, they challenge only the district

---

[1] In addition to these two mandatory nonrecognition grounds, Article 53 specifies eight discretionary grounds for nonrecognition, which are not relevant here. See N.Y. C.P.L.R. § 5304(b).

3

court's recognition of the French Judgment against Iraq. The record, however, reflects that French courts have treated Iraq and the Ministry as the same party or entity with respect to the French Judgment. See, e.g., French Judgment, J.A. 35 (stating that Ministry is "emanation" of Iraq); Aug. 8, 2008 Provisional Order of Commercial Court of Nice, J.A. 690–91 (stating that court authorized provisional arrest of vessel to satisfy debt owed to SerVaas by Iraq). Thus, because French courts view the Ministry and Iraq as indistinguishable, if the French Judgment is final, conclusive, and enforceable in France against the Ministry, it necessarily is so with respect to Iraq as well. Accordingly, the district court did not err in recognizing the French Judgment against Iraq under the Recognition Act. See N.Y. C.P.L.R. §§ 5302–03; cf. Compagnie Noga D'Importation et D'Exportation, S.A. v. The Russian Fed'n, 361 F.3d 676, 690 (2d Cir. 2004) ("Noga") (recognizing foreign judgment against Russian Federation under Federal Arbitration Act because it is same entity as Government of Russia).

In urging otherwise, defendants assert that First National City Bank v. Banco Para El Comercio Exterior de Cuba, 462 U.S. 611 (1983) ("Bancec"), establishes a presumption that the Ministry and Iraq are separate entities in this action because they are treated as separate entities under Iraqi law, see id. at 626–27 (stating that "government instrumentalities established as juridical entities distinct and independent from their sovereign should normally be treated as such"). Noga, however, clarified that Bancec's presumption does not apply where, as here, the issue is "whether the [entity] is an instrumentality established as a

4

juridical entity distinct and independent from the [sovereign]." Noga, 361 F.3d at 685 (emphasis in original). Moreover, to the extent Iraq argues that its law governs whether the Ministry and Iraq are separate entities, we disagree. The relevant question here is whether Iraq and the Ministry are treated as the same entity in France for purposes of the French Judgment. See N.Y. C.P.L.R. §§ 5302–03. The answer to that question, as we have just explained, is yes.

Defendants further argue that the French Judgment should not be recognized against Iraq because Iraq was not a named party to the judgment. This argument misses the point. Because Iraq and the Ministry are treated as the same entity in France with respect to the French Judgment, Iraq need not have been a separately named party for the judgment against the Ministry to be final, conclusive, and enforceable against Iraq as well.

Nor are we persuaded by defendants' argument that the French Judgment is not conclusive as to Iraq because Iraq is not the Ministry's alter ego under New York law. New York's alter ego analysis is pertinent here only insofar as it informs whether the Paris Commercial Court had personal jurisdiction over Iraq when it issued the French Judgment. See Galliano, S.A. v. Stallion, Inc., 15 N.Y.3d at 81, 904 N.Y.S.2d at 686 (stating that nonrecognition is appropriate where exercise of jurisdiction by foreign court does not comport with "New York's concept of personal jurisdiction"). But, because defendants concede that the Paris Commercial Court properly exercised jurisdiction over the Ministry,

5

they cannot claim that the court lacked jurisdiction over Iraq, an entity indistinguishable from the Ministry.

We therefore conclude that the district court properly awarded summary judgment to SerVaas on its Recognition Act claim.

2.    Denial of Leave to File Motions

Defendants argue that the district court erred in denying as untimely their requests to submit motions to dismiss for forum non conveniens, to grant summary judgment, and to strike portions of SerVaas's affidavits in support of its motion for summary judgment. We review the district court's refusal to consider an untimely motion for abuse of discretion. See Davidson v. Keenan, 740 F.2d 129, 132 (2d Cir. 1984). We identify no reversible error here.

a.    *Forum Non Conveniens*

Even assuming the district court erred in denying defendants leave to file a motion to dismiss for forum non conveniens, that error would be harmless. See Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."). Defendants did not request leave to file their motion until November 7, 2011, more than two-and-a-half years after SerVaas filed its complaint, and after briefing on SerVaas's summary judgment motion was nearly complete. Given the late stage of the litigation and the costs already incurred by the parties, defendants' motion was meritless. See Bank of Credit & Commerce Int'l (Overseas) Ltd. v. State Bank of Pakistan, 273 F.3d 241, 246 (2d Cir. 2001) (stating that, in deciding forum non conveniens

6

motion, district court must determine which forum will "best serve the ends of justice" (internal quotation marks omitted)); see also Zelinski v. Columbia 300, Inc., 335 F.3d 633, 642–43 (7th Cir. 2003) (holding that district court did not abuse discretion in denying forum non conveniens motion that was not made until one month before scheduled trial); 14D Wright & Miller, Federal Practice & Procedure § 3828 (3d ed. 2013) ("[I]f the litigation has progressed significantly in the federal court[,] a defendant's belated assertion that the forum is not a convenient one is likely to be viewed dimly by the district judge.").

     b.     <u>Motion for Summary Judgment</u>

Federal Rule of Civil Procedure 56(b) states that, "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." The Southern District of New York's Local Rules do not specify a different time frame than Rule 56(b), and the district court did not set a briefing schedule that governed filing of defendants' motion for summary judgment. Discovery closed in this case no later than November 4, 2009. See July 7, 2009 Scheduling Order, Dist. Ct. Dkt. No. 7 (stating that discovery must be completed within 90 to 120 days). Thus, given that defendants did not submit their request to file a summary judgment motion until November 7, <u>2011</u>, the district court acted well within its discretion in denying defendants' request.

c.    <u>Motion to Strike</u>

Although the Federal Rules of Civil Procedure do not provide a specific time frame within which a party must move to strike, we do not think the district court abused its discretion in denying defendants' request to file such a motion as untimely. Here, defendants should have submitted their motion to strike with their opposition to SerVaas's motion for summary judgment, but instead they waited until two weeks later to request leave to move to strike. They offer no explanation for this delay. Accordingly, the district court acted well within its discretion in deeming that motion untimely. <u>See generally</u> <u>Davidson v. Keenan</u>, 740 F.2d at 132; 10B Wright & Miller § 2738 (determining whether motion to strike is timely "is left to the discretion of the trial judge").

We have considered defendants' remaining arguments on appeal and conclude that they are without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

8