USI Sys. AG v Gliklad (2019 NY Slip Op 07539)





USI Sys. AG v Gliklad


2019 NY Slip Op 07539


Decided on October 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 22, 2019

Acosta, P.J., Manzanet-Daniels, Mazzarelli, Webber, Moulton, JJ.


9906B 152870/16 9906A 9906

[*1] USI Systems AG, Plaintiff-Respondent,
v
Alexander Gliklad, Defendant-Appellant.


Winston & Strawn, LLP, New York (W. Gordon Dobie of the bar of the State of Illinois, admitted pro hac vice, of counsel), for appellant.
Becker, Glynn, Muffly, Chassin & Hosinski LLP, New York (Jordan E. Stern of counsel), for respondent.



Appeals from orders, Supreme Court, New York County (Gerald Lebovits, J.), entered June 13, 2017, September 26, 2017, and July 26, 2018, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment recognizing, under CPLR article 53, a Swiss judgment issued against defendant, awarded plaintiff a money judgment, dismissed defendant's counterclaims, and denied defendant's motion for leave to renew, deemed appeals from the judgment, same court and Justice, entered July 6, 2017, as amended, October 10, 2017,
and, so considered, said judgment unanimously affirmed, with costs.
In arguing that the Swiss judgment may not be enforced in New York, defendant relies on CPLR 5304(a)(2), which bars recognition of a foreign judgment if the foreign court lacked personal jurisdiction over the defendant. He claims that this section applies because he was not properly served, and because the consent to jurisdiction of the Swiss courts relied on by plaintiff was contained in an allegedly fraudulent loan agreement. Plaintiff counters by pointing to CPLR 5305(a)(2), which provides that a lack of personal jurisdiction is not an impediment to a foreign judgment if "the defendant voluntarily appeared in the proceedings, other than for the purpose of protecting property seized or threatened with seizure in the proceedings or of contesting the jurisdiction of the court over him." Defendant, in turn, contends that section 5305(a)(2) does not apply because he voluntarily appeared in the Swiss proceeding solely for the purpose of contesting jurisdiction.
We apply New York, not Swiss, law, to our analysis of whether the Swiss court had personal jurisdiction over defendant (see CIBC Mellon Trust Co. v Mora Hotel Corp., 296 AD2d 81, 96 [1st Dept 2002], affd 100 NY2d 215 [2003], cert denied 540 US 948 [2003]). In other words, the question is whether, under our jurisprudence, it would be abhorrent to notions of due process to hold that defendant was fairly made to stand before the Swiss court (id.). We find that it would not be. Notwithstanding defendant's claim that service on his attorney in Israel of pleadings in the Swiss proceeding was inadequate because he did not reside in Israel at the time, he cannot avoid the fact that the attorney appeared in the proceeding. Accordingly, defendant had notice of the claims against him sufficient to satisfy due process (see Landauer Ltd. v Joe Monani Fish Co., Inc. (22 NY3d 1130, 1131-1132 [2014]). Further, the underlying agreement contains defendant's consent to jurisdiction in Switzerland, and we decline to revisit the Swiss court's factual finding, based in part on the testimony of two witnesses under oath about defendant's participation in the loan, that the agreement was genuine.
In any event, whether the Swiss court had jurisdiction over defendant in the first instance is academic, since we find that he voluntarily submitted to the court's jurisdiction over him [*2]insofar as his appearance was not limited to that question. We reject defendant's argument that he had no choice but to address the merits in his filings. That position is based on two letters sent to his attorney by the clerk of the Swiss court, after his initial objection to the court's jurisdiction, directing him to assert his substantive response to the complaint. Defendant relies on an affidavit by a Swiss professor of law, which ostensibly supports his claim that he had no choice but to abide by the directive. However, at no point does the professor assert that defendant would waive his jurisdictional objection if he failed to interpose a pleading addressing the merits of the complaint. Indeed, the plain language of the two letters from the clerk to defendant does not suggest that such was the case. Moreover, defendant's jurisdictional objection did not fit hand in glove with his substantive defense, thus undermining his "double relevance" argument. While his defense that the loan agreement was fabricated was certainly relevant to the jurisdictional defense insofar as the agreement contained the consent to litigation in the Swiss court, the answer went beyond that theory, venturing into defenses that assumed the validity of the loan agreement.
Defendant's assertion of counterclaims that were unrelated to plaintiff's claim and to his own affirmative defenses effected a waiver of his argument that he was not subject to personal jurisdiction in New York (Textile Tech. Exch. v Davis, 81 NY2d 56, 58-59 [1993]; Bell v Little, 250 AD2d 485 [1st Dept 1998]). Accordingly, the requisite jurisdiction was established for purposes of this article 53 proceeding, in which defendant raised substantive challenges to recognition of the Swiss judgment (see AlbaniaBEG Ambient Sh.p.k. v Enel S.p.A., 160 AD3d 93 [1st Dept 2018]). The facts and issues that underlie the affirmative defenses are wholly distinct from the facts and issues from which the counterclaims arise, in particular, alleged breach of contract, and alleged torts by Kristy AG and its co-director, Nikolai Makurin, in connection with the transfer of Kristy Oil's business to Kristy AG.
Given that the counterclaims do not arise out of the same transaction as alleged in the complaint, and they seek distinct damages, the doctrine of equitable recoupment, codified by CPLR 203(d), is unavailable to defendant (see California Capital Equity, LLC v IJKG, LLC, 151 AD3d 650 [1st Dept 2017]).
Finally, as the counterclaims concern circumstances, transactions, and corporate relationships that occurred or arose in Switzerland or Russia, and defendant alleges no facts to indicate any relationship between the counterclaims and New York, they are subject to dismissal on the basis of forum non conveniens (see Shin-Etsu Chem Co., Ltd. v ICICI Bank Ltd., 9 AD3d 171, 175-176 [1st Dept 2004]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 22, 2019
CLERK