Matter of Alava v Caceres (2021 NY Slip Op 03903)





Matter of Alava v Caceres


2021 NY Slip Op 03903


Decided on June 17, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 17, 2021

Before: Acosta, P.J., Webber, Mazzarelli, Kennedy, JJ. 


Index No. F-09556-18, F-09556-18A Appeal No. 14069 Case No. 2019-03539 

[*1]In the Matter of Nicholas Avelino Enright Alava, Petitioner-Appellant,
v
Kuska L. Caceres, Respondent-Respondent. 


Law Office of Roland R. Acevedo, New York (Roland R. Acevedo of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondent.



Order, Family Court, Bronx County (Shawn T. Kelly, J.), entered on or about July 22, 2019, which denied petitioner father's objections to an order, same court (Jessica Sin, Support Magistrate), entered on or about May 29, 2019, which, after a hearing, dismissed his petition to vacate registration of a foreign child support order, unanimously affirmed, without costs.
Initially, we note that the foreign tribunal, Switzerland, is a foreign reciprocating country under the Uniform Interstate Family Support Act (UIFSA), codified by Family Court Act (FCA) 5-b, and thus should be analyzed as such under the statute.
The father failed to meet his burden in proving that the Swiss court failed to establish personal jurisdiction over him, a defense under Family Court Act § 580-607(a). He admitted that he was advised by the Swiss court of the support proceedings pending against him and asked to provide a Swiss contact for further notifications in lieu of service via publication, which he failed to do, even though he was engaged in custody litigation in Switzerland at the time and was represented by counsel in those proceedings. Contrary to the father's contention, we find that the Swiss methods of service are consistent with our notions of procedure and due process in that he was given "meaningful notice" of the foreign proceeding against him (see John Galliano, S.A. v Stallion, Inc., 15 NY3d 75, 81 [2010]; see Baker & McKenzie Zurich v Frisone, 47 Misc 3d 1227[A], 2015 NY Slip Op 50862[U], *4-5, 9 [Sup Ct, Nassau County 2015]).
Since the Swiss court properly exercised personal jurisdiction over the father, Family Court was required to confirm the foreign child support order, and the petition to vacate was properly dismissed (see Matter of Barclay v Hutchinson, 129 AD3d 953, 953 [2d Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2021