PJSC Natl. Bank Trust v Pirogova (2023 NY Slip Op 02469)

PJSC Natl. Bank Trust v Pirogova

2023 NY Slip Op 02469

Decided on May 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2023

Before: Renwick, A.P.J., Kapnick, Gesmer, Pitt-Burke, Higgitt, JJ. 

Index No. 656519/20 Appeal No. 203-204 Case No. 2022-02579 2021-04431 

[*1]PJSC National Bank Trust, Plaintiff-Respondent,
v
Natalia Pirogova, Defendant-Appellant.

Law Offices of Victor A. Worms, New York (Victor A. Worms of counsel), for appellant.
Barclay Damon LLP, New York (Charles J. Nerko of counsel), for respondent.

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered May 24, 2022, in favor of plaintiff in the amount of $43,663,096.81, and bringing up for review an order, entered on or about November 3, 2021, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for summary judgment in lieu of complaint for recognition, in accordance with CPLR article 53, of three Russian judgments entered against defendant in a Russian bankruptcy proceeding and denied defendant's cross-motion for summary judgment dismissing the action, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff established its prima facie entitlement to summary judgment in lieu of complaint by submitting affirmations establishing that the copies of the Russian judgments submitted on the motion were authentic (see Casanas v Carlei Group, LLC, 200 AD3d 442, 443 [1st Dept 2021]). In opposition, defendant failed to raise an issue of material fact sufficient to defeat summary judgment, as she offered only conclusory allegations that the Russian judgments were fabricated (see MTGLQ Invs., L.P. v Vazquez, 190 AD3d 616, 617 [1st Dept 2021]).
In addition, Supreme Court was within its discretion to consider the substantive issues raised on the motion without taking testimony from Russian law experts, as the record was adequate to allow for construction of the applicable Russian law without a testimonial hearing (CPLR 4511; see Harris S.A. De C.V. v Grupo Sistemas Integrales De Telecomunicacion S.A. De C.V., 279 AD2d 263, 264 [1st Dept 2011], lv denied 96 NY2d 709 [2001]). The court also properly determined that plaintiff established its entitlement to recognition of the Russian judgments under CPLR article 53 by showing that they were final, conclusive, and enforceable when rendered. Defendants' argument that the judgments are being administered within a Russian bankruptcy proceeding against defendant and are therefore not now directly enforceable against her in the United States is misplaced in the context of this article 53 proceeding, which is "limited to the 'ministerial function of recognizing the foreign country money judgment[s] and converting [them] into . . . New York judgment[s]'" (Batbrothers LLC v Paushok, 172 AD3d 529, 529-530 [1st Dept 2019], lv denied 35 NY3d 902 [2020], quoting CIBC Mellon Trust Co. v Mora Hotel Corp., 100 NY2d 215, 222 [2003], cert denied 540 US 948 [2003]).
Supreme Court awarded the money judgment in favor of plaintiff in the correct amount, including interest at the New York statutory rate for the period after the issuance of the Russian judgments and before their recognition under article 53 (CPLR 5004; see Abu Dhabi Commercial Bank PJSC v Saad Trading, Contr. & Fin. Servs. Co., 117 AD3d 609, 613 [1st Dept 2014]; John Galliano, S.A. v Stallion, Inc., 62 AD3d 415, 416 [1st Dept 2009]).
We have considered defendant's [*2]remaining arguments, and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2023