WELLS FARGO & COMPANY, Respondent, *v.* ERWIN DAVIS, Appellant.

A provision in a judgment of another State or territory, allowing interest on the amount thereof at a rate specified, does not control where suit is brought upon the judgment in this State; as the increase is allowed, not as interest but as damages, its measure must be that of the State where the action for its recovery is brought.

A judgment was rendered in the territory of Utah in 1877 for a sum specified, "with interest thereon at the rate of ten per cent per annum from the date" thereof. Upon trial of an action on the judgment it appeared that by the laws of that territory ten per cent was the lawful interest where the rate was not stated or agreed upon. *Held,* that plaintiff was entitled to recover, as damages, interest upon the judgment at the rate of seven per cent up to the time of the going into effect of the act of 1879 (Chap. 538, Laws of 1879), reducing the rate to six per cent, and at the latter rate thereafter.

(Argued April 25, 1887; decided May 10, 1887.)

THIS was an action upon a judgment of the District Court of the third judicial district of the Territory of Utah.

Two questions were presented here: *First.* Whether the paper presented, purporting to be a copy of the judgment-roll, was properly exemplified. *Second.* Whether plaintiff was entitled to interest on the amount of the judgment at the rate of ten per cent.

As to the first point the court *held,* that no objection was taken at the trial sufficient to present the point, the court reiterating the rule that "an objection, which could be obviated if made in time, cannot prevail when taken for the first time in the appellate court."

The court also *held,* that without reference to the laws of the United States, the record was properly certified under the

provisions of the laws of this State and so was admissible in evidence.

As to the second point, the opinion is as follows:

" But we think the court erred in allowing interest upon the cause of action at the rate of ten per cent per annum. The judgment sued upon was entered in October, 1877, upon a verdict of $7,462.33, and the record recites 'that by virtue of the law and the premises aforesaid' — the proceedings in the action —'it is ordered and adjudged that said plaintiff have and recover from said defendants the sum of seven thousand four hundred and sixty two and $\frac{33}{100}$ dollars, with interest thereon at the rate of ten per cent per annum from the date hereof till paid.' Upon the trial the plaintiff's counsel proved, against objection and exception by the defendant, that under the laws of Utah, relating to the subject, it was lawful to take ten per cent interest per annum, when the amount of interest has not been specified or agreed upon, and computed interest upon the recovery from its date at ten per cent per annum, making, at that rate, the sum due upon the judgment of principal and interest, $12,063.88. This sum the court held the plaintiff was entitled to recover, and the defendant, by proper exceptions to this ruling, and exceptions to the refusal of the court to charge otherwise, has fairly raised the proposition upon which he asks a modification of the judgment which followed this ruling. We think his contention must prevail under the rule already declared by this court, that interest is given upon a judgment, not on the principle of implied contract, but as damages for delay in performing the obligation.

" In *Taylor* v. *Wing* (84 N. Y. 471) the mortgage in terms called for interest 'at seven per cent until paid,' and by the judgment interest at the same rate was directed to be paid on the amount found due from the date of the decision. Upon appeal this was held to be wrong, and that after judgment the mortgage was merged therein, and thereafter plaintiff was entitled to interest, not by virtue of the mortgage, but of the judgment, and that the interest should have been at the lawful rate, *i. e.* six per cent. To the same effect was *Salter* v. *U. & B. R. Railroad Co.* (86 N. Y. 401). In *Prouty* v. *Lake Shore &*

*Michigan Southern Railway Co.* (95 N. Y. 667) the judg-
ment before the court was by its terms payable with interest.
In *O'Brien* v. *Young* (95 N. Y. 428) that provision was
lacking, but each judgment was recovered when the statutory
rate of interest was seven per cent, and as to each it was held
that the amount of interest to be collected on execution must
be governed by statute, and that the rate changed when the
general law reduced that rate to six per cent. (Laws of 1879,
chap. 538.) The fact that one judgment specifically provided
for the payment of interest was not supposed to create any
distinction in the application of the law regulating that
question. The law of the State made every judgment inter-
est-bearing, and the obligation for its payment was not
increased or varied by inserting a direction to that effect in
the record.

"The provision in the judgment of Utah, therefore, in regard
to interest is of no more force in regulating the rate of
interest upon suit brought in this State, than is the statute
of that territory which justified its court in allowing it. As
the increase is allowed, not as interest, but as damages, its
measure must be that of the State where the action for its
recovery is brought. The *lex fori* governs. This is the neces-
sary result of the decisions in this court already referred to,
and the same doctrine as to similar cases prevails in the courts
of Massachusetts. (*Clark* v. *Child*, 136 Mass. 344.)

"The respondent relies as against this position upon an expres-
sion in one of the opinions in the *O'Brien Case* (*supra*), to
the effect that when a judgment requires a specified rate of
interest to be paid the rate specified becomes a part of the
obligation to be discharged. That was said in reviewing
*Prouty* v *Lake Shore, etc. R. R. Co.* (*supra*), a decision in
equity which provided for a specific performance of a con-
tract between parties in respect to certain dividends in arrear,
directed to be paid, ' with interest thereon from the entry of
judgment until the same shall have been fully paid and satis-
fied.' The clause was held to be insufficient to justify the
collection of interest at seven per cent after the act of 1879,
although the judgment was recovered before that time, and
the remark quoted was by way of argument merely, not

essential to a disposition of any question upon which the case finally turned, nor to the conclusion that interest upon a judgment was allowable by way of penalty or damages for default. Concerning it neither the law of Utah nor the judg-- ment can have extra territorial force. It seems to me, there- fore, that the interest to be allowed as damages in this case should be governed by the law in force in this State at the time of the trial (Laws of 1879, chap. 598), viz., six per cent, but a majority of the court are of opinion that the plaintiff may properly recover seven per cent interest from the time of the rendition of the judgment in Utah until the act of 1879 (*supra*) took effect, and from that time at the rate of six per cent.

" The judgment should therefore be modified by deducting the difference between these rates for the times specified and interest at ten per cent, and as so modified affirmed, without costs in this court."

*Henry A. Root* for appellant

*Wm. Bro. Smith* for respondent.

DANFORTH, J., reads for modification of judgment as above.

All concur, except EARL and FINCH, JJ., who vote for gen- eral affirmance.

Judgment modified accordingly.