### SAVAGE v. BEECHER.

(Supreme Court, Equity Term, Erie County. October, 1912.)

INTEREST (§ 37*)—MORTGAGE—MATURITY OF DEBT.

　　Where a bond secured by a mortgage provided that the obligor should pay to the obligee the principal sum in five years, with interest at 4½ per cent., and thereafter interest to be paid semiannually on the 1st day of June and December until the principal sum shall be paid, the last provision did not preclude the obligee from raising the rate of interest

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

after maturity of the loan; the provision fixing the rate of interest applying only to payments before maturity, and the mortgagee upon default being entitled to claim the interest as damages.

[Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 77, 78; Dec. Dig. § 37.*]

Action by William Savage against James C. Beecher. Complaint dismissed, and judgment entered for defendant.

John T. Ryan, of Buffalo, for plaintiff.

Simon Fleischmann, of Buffalo, for defendant.

WHEELER, J. On the 3d day of May, 1895, the plaintiff was the owner of a certain tract of real property located at the northeast corner of Church and Franklin streets, in the city of Buffalo, N. Y., and which is more fully described in the complaint.

On said day he executed to the Albany Savings Bank a bond; the condition of said obligation being that the plaintiff "shall well and truly pay, or cause to be paid, unto the above-named obligee, or its successors or assigns, the just and full sum of twelve thousand dollars ($12,000), in current gold coin of the United States of America of the standard of weight and fineness of the date hereof at the end of five years from the date hereof, with interest thereon at the rate of four and one-half per centum per annum, such interest as may have then accrued to be paid on the first day of June, 1895, and thereafter interest to be paid semiannually on each first day of June and December until the principal sum hereby secured shall be paid and on the day when said principal sum shall be paid." On the same day plaintiff executed a mortgage which provided that the same was given to secure the sum of money mentioned in the bond, which, together with its terms, was fully described and set forth in said mortgage. Thereafter, and on November 3, 1904, the Albany Savings Bank communicated with the plaintiff by letter in reference to said mortgage, closing said letter with the following sentence:

"We now beg to inform you that until the whole of this mortgage is paid, the rate of interest on the same from November first instant will be 6%.

    "Yours respectfully,                    Theodore Townsend, Treas."

The plaintiff did not answer said letter, but upon the next interest day he received from the Albany Savings Bank a statement of the amount of interest due which was figured at the rate of 6 per cent., instead of 4½ per cent. and thereafter plaintiff paid the Albany Savings Bank interest on said mortgage at the rate of 6 per cent. The plaintiff informed Mr. Weppner, cashier of the German-American Bank, during one of the talks that they had together, that the Albany Savings Bank had increased the rate of interest from 4½ per cent. to 6 per cent. In 1909 an arrangement was made with Mr. Weppner by which he collected certain rents from properties belonging to the plaintiff, among them the property covered by the mortgage in question, and paid, among other obligations, the interest to the Albany Savings Bank therefrom at the rate of 6 per cent. This arrangement

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

continued until April, 1910, when it ceased. Thereafter, and on or about the 28th day of January, 1911, the Albany Savings Bank duly transferred and assigned to the German-American Bank of Buffalo the said bond and mortgage. Thereafter the plaintiff herein negotiated a sale of the property covered by the said bond and mortgage. A dispute arose between the plaintiff and said German-American Bank as to whether the plaintiff should pay the interest upon the said principal sum due and secured to be paid by said bond and mortgage at the rate of 4½ per cent. or at the rate of 6 per cent., but that on or about June 1, 1911, the sale of said property being about to be consummated, the difference as to the rate of interest again came up, and it was finally agreed between the parties that the plaintiff should pay the German-American Bank the amount of said bond and mortgage with interest thereon at the rate of 4½ per cent.; and it was further agreed that the sum of $300 should be paid to the defendant James C. Beecher, to be held by him until the question as to the amount of interest due on said bond and mortgage was judicially determined in an action to be brought for that purpose. Thereafter a sum of money representing the difference between $300 and the amount actually involved in this litigation was paid to plaintiff, so that the sum actually involved herein is the sum of $211.50, with interest from June 1, 1911, which the said defendant holds subject to the determination of the questions involved in this litigation.

The plaintiff's contentions may be briefly summarized as follows: That by the express terms of the bond and mortgage given the Albany Savings Bank the interest on the principal indebtedness was to be at the rate of 4½ per cent. until the principal was paid. That that contract cannot be varied except by agreement of the parties supported by a valid and sufficient consideration. That there was no agreement on the part of the Savings Bank or of the German-American Bank to extend the time for the payment of the principal for a day, but that either was at liberty, so long as either held the bond and mortgage, to foreclose at any time, and that, assuming that from the transactions between the plaintiff and these banks an agreement could be found to pay the larger rate of interest, such an agreement was without any consideration for want of mutuality, and therefore void and unenforceable.

[1] The initial inquiry, therefore, is whether the bond and mortgage in fact and effect provide that the rate of interest shall be 4½ per cent. until the principal sum has been paid. This rests upon the proper interpretation and construction of the following clause in the bond, to wit:

"Shall well and truly pay, or cause to be paid, unto the above-named obligee, or its successors or assigns, the just and full sum of twelve thousand (12,000) dollars, in current gold coin of the United States of America of the standard of weight and fineness of the date hereof at the end of five years from the date hereof, with interest thereon at the rate of four and one-half per centum per annum, such interest as may have then accrued to be paid on the first day of June, 1895, and thereafter interest to be paid semiannually on each first day of June and December until the principal sum hereby secured shall be paid and on the day when said principal sum shall be paid."

Does this clause in terms provide for the rate of interest to be paid after the maturity of the bond and mortgage, or does it simply fix the interest days upon which interest shall be paid, to wit, the 1st days of June and December in each year until the mortgage shall be paid in full? We interpret this clause as simply providing that until the principal sum shall be paid the obligor shall pay interest semiannually on June and December 1st in each year. The clause is silent as to what the rate shall be after maturity. The latter part of the clause relates entirely to the interest days, not to the rate. The rate the bond and mortgage shall draw after maturity is not provided for. If the construction of the condition of the bond is correct, the disposition of the case is simple. The law governing such cases appears to be well settled.

In O'Brien v. Young, 95 N. Y. 428, 47 Am. Rep. 64, the Court of Appeals of this state laid down the following rule:

"By the decided weight of authority in this state, where one contracts to pay a principal sum at a certain future time with interest, the interest prior to the maturity of the contract is payable by virtue of the contract, and thereafter as damages for the breach of the contract. The same authorities show that, after the maturity of such a contract, the interest is to be computed as damages according to the rate prescribed by the law, and not according to that prescribed in the contract if that be more or less. But, where the contract provides that the interest shall be at a specified rate until the principal shall be paid, then the contract rate governs until payment of the principal, or until the contract is merged in a judgment."

See, also, to the same effect Wells Fargo & Co. v. Davis, 105 N. Y. 670, 12 N. E. 42; Ferris v. Hard, 135 N. Y. 354, 32 N. E. 129; Bennett v. Bates, 94 N. Y. 354; Pryor v. City of Buffalo, 197 N. Y. 142, 90 N. E. 423; Zeller v. Leiter, 114 App. Div. 155, 99 N. Y. Supp. 624.

After the mortgage in question fell due, the plaintiff was urged to pay it. He had made default. The parties had a perfect right to make any agreement they chose as to the rate of interest after maturity, and, in the absence of any such agreement, the law imposed by way of damages the rate of interest prescribed by statute. (See cases above cited.) We deem it immaterial in this case whether any agreement to pay 6 per cent. was made or not, but we are satisfied that from all the dealings of the various parties the evidence justifies a finding of an implied promise on the part of the mortgagor to pay the higher rate.

The defendant is entitled to judgment dismissing the plaintiff's complaint, and adjudging the German-American Bank entitled to the fund in dispute, for whom the defendant is acting as trustee, with costs.

Let findings be drawn accordingly.