■ NORMA V. B. DE NUÑEZ, Respondent, v EDUARDO F. VALENCIA BARTELS et al., Appellants. MICHAEL MILLER, as Receiver, Nonparty Respondent. [695 NYS2d 31] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered January 6, 1999, which awarded the temporary receiver the maximum commission, charged the commission to appellant and awarded interest based on New York law, modified, on the law, the facts and in the exercise of discretion and the matter is remanded for an evidentiary hearing to determine the proper commission for the temporary receiver and the appropriate allocation of such commission, and otherwise affirmed, without costs.

Respondent obtained a final judgment in a Louisiana action against appellant and brought this enforcement proceeding pursuant to CPLR article 54. Appellant moved for appointment of a temporary receiver after respondent obtained an order to liquidate certain accounts. When appointed by the court, the receiver promptly collected almost $5 million, deposited those funds in an investment account, reviewed briefs submitted by the parties on whether Louisiana or New York law should

provide the rate of interest on the judgment, issued a report recommending that the New York rate should apply and rendered an interim account. The receiver then moved for an order fixing his commission at $243,996.94, representing 5% of the monies he had collected, and fixing the judgment interest at the New York rate.

The court awarded the receiver the maximum fee allowable based upon the expeditious and successful performance of his duties. The court then allocated the entire commission and necessary expenses against appellant's share of the proceeds since it had been appellant who had applied for the appointment of the receiver.

The propriety of the appointment of the receiver was not appealed and was not briefed. The receiver and the court correctly determined that the New York rate of interest applied to the judgment (*Wells, Fargo & Co. v Davis*, 105 NY 670).

In view of the straightforward nature of the receiver's duties, the absence of any documentation of extraordinary efforts or difficulties in liquidating the accounts and the lack of any time records detailing the exact hours expended by the receiver, it was an improvident exercise of discretion for the court to award the maximum 5% commission for limited and undocumented services without a hearing. The authority for the receiver's commission, CPLR 8004 (a), provides that 5% is a maximum allowable fee but the receiver must earn his fee and it is his burden to demonstrate that he has in fact earned it (*Key Bank v Anton*, 241 AD2d 482). Furthermore, although appellant requested appointment of the receiver, it was an abuse of discretion to require him to pay for all of the fees and other necessary expenses. On remand, while the court may take into account the fact that appellant resisted the enforcement of respondent's judgment, allocation of fees and expenses should also be based upon whether appellant had a good-faith basis for seeking this appointment and, if so, respondent should be equitably charged for the fees and expenses incurred. Concur—Nardelli, J. P., Wallach, Lerner and Buckley, JJ.

Andrias, J., dissents in part in a memorandum as follows: I agree that the award of the maximum 5% commission for the receiver's undocumented and apparently minimal services was improper, the marshaling of assets being straightforward and the question of the applicable interest rate not as knotty an issue as found by the IAS Court; however, I would affirm that court's deduction of such commission, if any, from the sum allocated to the individual appellant, Mr. Valencia Bartels.

I see no necessity for a receiver in the first place. A receiver

was not necessitated by what the IAS Court found to be the clear antagonism between a brother and sister fighting over the dissolution of a closely held family corporation in which they each owned a 50% interest. Appointment was sought by appellant brother on the ground that his sister is a resident of Venezuela, that she had made demands on the appropriate financial institutions to liquidate the appropriate corporate accounts and transfer all proceeds to an account maintained by her attorneys at United States Trust Company, and that he feared that if the assets were transferred to her attorneys they would doubtless be sent immediately out of the country. Given the IAS Court's statement, in the order appealed from, that there was no way for it to determine whether appellants' fears were justified, a receiver should not have been appointed, an appropriate direction to counsel as to the disposition of the funds being sufficient.

After the appellant corporation was ordered dissolved by the Louisiana courts on November 15, 1996, Mr. Valencia Bartels, the individual appellant herein and himself a Venezuelan citizen, was held in contempt in a Louisiana judgment, entered April 7, 1997, which directed the local sheriff to sign corporate resolutions on his behalf dissolving the corporation and authorizing his sister, Ms. De Nunez, respondent herein, to liquidate all of the company's assets, which consisted of certain brokerage and bank accounts, and to distribute the proceeds in the amounts ordered by the Louisiana court. The judgment also provided that the corporate resolutions were self-executing and required no further order of any court to enforce compliance by whatever financial institutions that were served with copies of the judgment and resolutions. Appellants were specifically prohibited from interfering with the dissolution of the corporation and distribution of its funds pursuant to the Louisiana judgments and the attached implementing corporate resolutions. Despite such injunction, appellants unsuccessfully sought to vacate the filing and enforcement of the Louisiana judgment in New York pursuant to CPLR article 54, including unsuccessful appeals to this Court and the Court of Appeals.

After those attempts failed, and despite the clear mandate of the Louisiana judgment and Justice Lowe's order entered September 8, 1997, as affirmed by this Court (246 AD2d 492), appellants nevertheless continued their resistance, by succeeding in having an unnecessary receiver appointed resulting in additional delay, expense and legal proceedings. Under these circumstances, the IAS Court properly charged any commission payable to the receiver to Mr. Valencia Bartels.