■ CITY OF NEW YORK, Respondent, v L.J.W.P. REALTY CO., L. L. C., Appellant, et al., Defendants. (Appeal No. 1.) [703 NYS2d 769] —Order unanimously affirmed with costs. Memorandum: We reject plaintiff's contention that these appeals are moot because the property at issue was sold during the pendency of the appeals (*see*, CPLR 5523; *Da Silva v Musso*, 76 NY2d 436, 440-441). We affirm for reasons stated in the decision at Supreme Court (Freedman, J.). (Appeal from Order of Supreme Court, New York County, Freedman, J.—RPAPL.) Present—Pine, J. P., Wisner, Hurlbutt, Balio and Lawton, JJ.

■ CITY OF NEW YORK, Respondent, v L.J.W.P. REALTY CO., L. L. C., Appellant, et al., Defendants. FRANCIS T. MURPHY, Respondent. (Appeal No. 3.) [702 NYS2d 482] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Following the sale of the property at issue in this appeal by a receiver in March 1999 for $8.2 million, Supreme Court properly directed the payment of $175,478.01 in counsel fees and $246,000 in broker's fees. We conclude, however, that the receiver's commission of $350,000 is excessive. "The authority for the receiver's commission, CPLR 8004 (a), provides that the 5% is a maximum allowable fee but the receiver must earn his fee and it is his burden to demonstrate that he has in fact earned it" (*De Nunez v Bartels*, 264 AD2d 565, 566). "If services of the receiver are performed by others, the receiver's commission should be reduced" (*Independent Props. Co. v Mast Prop. Investors*, 148 AD2d 849, 850). The receiver was appointed to sell the property, but retained a broker to effect that sale and counsel to perform necessary legal services. The records of the receiver do not support a commission of 4.2%. Thus, we modify the order by reducing the receiver's commission to $200,000.

(Appeal from Order of Supreme Court, New York County, Freedman, J.—Receiver's Commission.) Present—Pine, J. P., Wisner, Hurlbutt, Balio and Lawton, JJ.