Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J), entered November 29, 2012, in an action seeking recognition and enforcement of a foreign country money judgment pursuant to CPLR article 53, awarding plaintiff the aggregate amount of $40,141,014.85, unanimously affirmed, with costs.
Plaintiff, a bank incorporated under the laws of the United Arab Emirates, entered into certain loan agreements with defendant, a limited partnership formed under the laws of the Kingdom of Saudi Arabia. These included an international swaps and derivatives agreement (ISDA) in which the parties consented to the non-exclusive jurisdiction of the English courts.
In 2009, based on an alleged event of default under the ISDA, plaintiff commenced a breach of contract action against defend *610 ant in the Commercial Court, Queen’s Bench Division, of the English High Court of Justice. Defendant appeared and did not contest jurisdiction. On July 27, 2010, the English court entered a judgment awarding plaintiff damages, plus prejudgment interest.
In August 2011, plaintiff filed this action seeking to domesticate and enforce the English judgment pursuant to CPLR 3213 and 5303. In opposition, defendant argued that the action should be dismissed on the grounds of lack of personal jurisdiction in New York and forum non conveniens, because neither defendant nor the underlying agreements and transactions had any connection to New York, and defendant did not have any assets in the state. Supreme Court rejected these arguments and entered judgment in plaintiffs favor in the total amount of the English judgment, together with postjudgment interest.
Defendant argues that the court erred in permitting plaintiff to domesticate the English judgment without first establishing a basis for asserting jurisdiction over defendant or its assets. Defendant contends that, as opposed to actions seeking recognition of a sister-state judgment under CPLR article 54, where a plaintiff need only register a judgment with a county clerk and personal jurisdiction need not be established, actions pursuant to CPLR 5303 for enforcement of foreign country money judgments are not exempted from the due process requirements of personal jurisdiction. For the following reasons, we reject defendant’s arguments.
“New York has traditionally been a generous forum in which to enforce judgments for money damages rendered by foreign courts” (CIBC Mellon Trust Co. v Mora Hotel Corp., 100 NY2d 215, 221 [2003], cert denied 540 US 948 [2003]). “Historically, New York courts have accorded recognition to the judgments rendered in a foreign country under the doctrine of comity . . . [a]bsent some showing of fraud in the procurement of the foreign country judgment or that recognition of the judgment would do violence to some strong public policy of this State” (Sung Hwan Co., Ltd. v Rite Aid Corp., 7 NY3d 78, 82 [2006] [internal quotation marks omitted]).
In accordance with this tradition, New York adopted the Uniform Foreign Country Money-Judgments Recognition Act as CPLR article 53 (see John Galliano, S.A. v Stallion, Inc., 15 NY3d 75, 79 [2010], cert denied 562 US —, 131 S Ct 288 [2010]), which was intended to codify and clarify existing case law applicable to the recognition of foreign country money judgments based on principles of international comity, “and, more importantly, to promote the efficient enforcement of New York *611 judgments abroad by assuring foreign jurisdictions that their judgments would receive streamlined enforcement here” (CIBC Mellon, 100 NY2d at 221).
Generally, a foreign country judgment is “conclusive between the parties to the extent that it grants or denies recovery of a sum of money” (CPLR 5303), “unless a ground for nonrecognition under CPLR 5304 is applicable” (Galliano, 15 NY3d at 80). CPLR 5304 (a) provides that “[a] foreign country judgment is not conclusive if. . . the judgment was rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law” (para [1]) or “the foreign court did not have personal jurisdiction over the defendant” (para [2]). CPLR 5304 (b) permits nonrecognition on eight other grounds. Significantly, “[i]n proceeding under article 53, the judgment creditor does not seek any new relief against the judgment debtor, but instead merely asks the court to perform its ministerial function of recognizing the foreign country money judgment and converting it into a New York judgment” (CIBC Mellon, 100 NY2d at 222, quoting Lenchyshyn v Pelko Elec., 281 AD2d 42, 49 [4th Dept 2001]; see also Galliano, 15 NY3d at 81; CDR Créances S.A. v Euro-American Lodging Corp., 40 AD3d 421 [1st Dept 2007]).
In the present action, defendant has actual notice of the enforcement action and does not argue that the English judgment fails to meet the requirements of CPLR 5303 or that any grounds for nonrecognition of a foreign country money judgment exist. Nor does defendant provide a reason why the judgment should not be recognized as a matter of substance. Under these circumstances, “a party seeking recognition in New York of a foreign money judgment (whether of a sister state or a foreign country) need not establish a basis for the exercise of personal jurisdiction over the judgment debtor by the New York courts,” because “[n]o such requirement can be found in the CPLR, and none inheres in the Due Process Clause of the United States Constitution, from which jurisdictional basis requirements derive” (see Lenchyshyn, 281 AD2d at 47; see also Haaksman v Diamond Offshore [Bermuda], Ltd., 260 SW3d 476, 480 [Tex App 2008]; Pure Fishing, Inc. v Silver Star Co., Ltd., 202 F Supp 2d 905 [ND Iowa 2002]). Although CPLR 5304 (a) provides that the trial court may refuse recognition of the foreign country judgment if the foreign country court did not have personal jurisdiction over the judgment debtor, it does not provide for nonrecognition on the ground that the New York court lacks personal jurisdiction over the judgment debtor in a CPLR article 53 proceeding.
*612 Nor does the CPLR require the judgment debtor to maintain property in New York for New York to recognize a foreign money judgment. While CPLR 5304 provides a list of specific reasons why the trial court may refuse recognition of the foreign country judgment, the lack of property in the state is not one of them. Thus, “even if defendant ] do[es] not presently have assets in New York, plaintiff[ ] nevertheless should be granted recognition of the foreign country money judgment pursuant to CPLR article 53, and thereby should have the opportunity to pursue all such enforcement steps in futuro, whenever it might appear that defendant[ ] [is] maintaining assets in New York, including at any time during the initial life of the domesticated [English] money judgment or any subsequent renewal period” (Lenchyshyn, 281 AD2d at 50).
The procedural differences between CPLR articles 53 and 54 do not imply additional jurisdictional requirements in foreign country money judgment proceedings (see Lenchyshyn, 281 AD2d at 49). Rather, they exist because sister-state judgments must be given recognition under the Full Faith and Credit Clause of the United States constitution (US Const, art iy § 1) and sister-state courts are presumed (rebuttably) to be impartial and to apply procedures compatible with due process of law. Thus, the legislature placed the burden of staying or vacating a registered sister-state judgment on the judgment debtor (CPLR 5402). In contrast, judgments of foreign countries are accorded recognition only through comity. “[T]he inquiry turns on whether exercise of jurisdiction by the foreign court comports with New York’s concept of personal jurisdiction, and if so, whether that foreign jurisdiction shares our notions of procedure and due process of law” (Sung Hwan Co., 7 NY3d at 83). “If the above criteria are met, and enforcement of the foreign judgment is not otherwise repugnant to our notion of fairness, the foreign judgment should be enforced in New York under well-settled comity principles without microscopic analysis of the underlying proceeding” (id.). Accordingly, the legislature reasonably placed the burden on the proponent of a foreign judgment of showing that the foreign court was impartial and followed basic principles of due process (see CPLR 5304 [a]; Lenchyshyn, 281 AD2d at 49).
Shaffer v Heitner (433 US 186 [1977]) does not require otherwise. In Shaffer, the United States Supreme Court stated that “[o]nce it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, *613 whether or not that State would have jurisdiction to determine the existence of the debt as an original matter” (433 US at 210 n 36). Shaffer requires minimum contacts between the defendant and the forum in the action that determines the defendant’s liability to the plaintiff and CPLR article 53 satisfies this due process requirement by providing that New York courts, in performing their ministerial function, will only recognize foreign judgments where the defendant had minimum contacts with the judgment forum (see CPLR 5304, 5305 [a]; Sung Hwan Co., 7 NY3d at 82-83). In other words, since CPLR article 53 and the English court are already protecting the defendant’s due process rights, including personal jurisdiction, the court charged with recognition and enforcement should not be required to grant further protection during a ministerial enforcement action (see Lenchyshyn, 281 AD2d at 49). There is no unfairness to the defendant if the plaintiff obtains an order in New York recognizing the foreign judgment, which can then be enforced if the defendant is found to have, or later brings, property into the State (Lenchyshyn at 50).
Dismissal of the action under the doctrine of forum non conveniens was properly denied, because inconvenience is not one of the grounds for nonrecognition specified in CPLR 5304 (Watary Servs. v Law Kin Wah, 247 AD2d 281 [1st Dept 1998]). As the motion court observed, defendant bears no hardship, since there is nothing to defend. The merits were decided in England, and plaintiff seeks no new relief. There are no witnesses to be inconvenienced or necessary evidence beyond the court’s jurisdiction.
Contrary to defendant’s contention, the award of postjudgment statutory interest was proper. Postjudgment interest is a procedural matter governed by the law of the forum. Thus, the court properly concluded that New York’s statutory postjudgment interest rate should apply to the English judgment (see Wells Fargo & Co. v Davis, 105 NY 670, 672 [1887]; De Nunez v Bartels, 264 AD2d 565 [1st Dept 1999]).
Defendant’s argument that plaintiff waived its right to post-judgment interest because it was not requested in the notice of motion and was raised for the first time in a reply affidavit is unavailing (see Dietrick v Kemper Ins. Co. [American Motorists Ins. Co.], 76 NY2d 248, 254 [1990]). Defendant was given a full and fair opportunity to oppose the request before the court issued its ruling (see Hanscom v Goldman, 109 AD3d 964 [2d Dept 2013]), and plaintiff demonstrated that it was entitled to prejudgment interest as a matter of right.
Concur—Sweeny, J.E, Andrias, Freedman, Richter and Clark, JJ.