Terrastone Audubon, L.P. v Blair Ventures, LLC (2018 NY Slip Op 02576)





Terrastone Audubon, L.P. v Blair Ventures, LLC


2018 NY Slip Op 02576


Decided on April 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2018

Sweeny, J.P., Renwick, Mazzarelli, Kahn, Gesmer, JJ.


108948/10 6296 6295

[*1]Terrastone Audubon, L.P., Plaintiff,
v
Blair Ventures, LLC, Defendant-Appellant, Arthur Fein, et al., Defendants, Mont York Associates, L.P., Defendant-Intervenor. Kosoff, PLLC, et al., Nonparty Respondents.


Bronstein, Gewirtz & Grossman, LLC, New York (Edward N. Gewirtz of counsel), for appellant.
Kossoff, PLLC, New York (Stacie B. Feldman of counsel), for respondents.



Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered August 25, 2016, adjudging defendant Blair Ventures, LLC liable to Kossoff PLLC, counsel to court-appointed receiver Paul Sklar, for $117,321.99 in fees, and bringing up for review an order, same court and Justice, entered August 23, 2016, which, to the extent appealed from as limited by the briefs, granted Sklar's motion to confirm a referee's report and directed defendant to pay Sklar's counsel fees of $117,321.99, unanimously affirmed, with costs. Appeal from the August 23, 2016 order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The court appropriately awarded Sklar his legal fees
(see CPLR 8004[b]) and, further, properly adjudged defendant liable for them, even though defendant did not move for Sklar's appointment (see De Nunez v Bartels, 264 AD2d 565 [1st Dept 1999]). Also, notwithstanding an agreement by Mont York, the purchaser of the premises at issue, to assume responsibility for funds disbursed by the receiver after August 29, 2012, defendant, rather than Mont York, was properly held responsible for the fees, including those incurred after that date. The record reflects that defendant, on meritless grounds, has, for years, obstructed approval of Sklar's final accounting and, in the process, caused Sklar to incur significant legal fees. The court accordingly, and regardless of defendant's separate agreement with Mont York, properly held it responsible (see Seligson v Russo, 39 AD3d 408 [1st Dept 2007]).
We also reject defendant's argument, raised for the first time on appeal (see Chateau d'If Corp. v City of New York, 219 AD2d 205 [1st Dept 1996], lv denied 88 NY2d 811 [1996]), that the fee award constitutes sanctions it never had a chance to challenge. The record shows that, contrary to defendant's assertion, defendant had ample opportunity to challenge the fees, but chose not to, either in written objections or at the hearing before the referee, where its counsel expressly stated it would not challenge fees.
Supreme Court also properly confirmed the referee's report, as his recommendation to approve the final accounting was supported by the record (see Sichel v Polak, 36 AD3d 416 [1st Dept 2007]; Baker v Kohler, 28 AD3d 375 [1st Dept 2006], lv denied 7 NY3d 885 [2006]).
That record consisted of Sklar's testimony about the extensive repair efforts needed by [*2]the severely dilapidated premises, how such repairs were necessary to cure violations, and how they were done at the direction of, and paid by, plaintiff Terrastone, and, accordingly, within the scope of the order appointing Sklar as receiver. The record before the referee also consisted of defendant's counsel's deliberate decision not to cross-examine Sklar or the managing agent, and a deliberate waiver of the opportunity to otherwise meaningfully participate in the hearing, for instance, by presenting its own witnesses. In confirming the referee's report, the court appropriately deferred to him, since he had the opportunity to assess Sklar's credibility in person and was given no reason by defendant to call that credibility into question (see Anonymous v Anonymous,
289 AD2d 106 [1st Dept 2001]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 17, 2018
CLERK